No. ——

First Circuit

GOUDEAU v. GOUDEAU, ET AL.

(May 3, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. Louisiana Digest—Donations—Par. 20, 27.

A donation to two children of a divorced wife on condition that the wife abandon all claim to her paraphernal prop-

erty is not null under Article 1497 of the Civil Code, but is an advantage for third persons provided by Article 1890 of the Civil Code.

Appeal from the Parish of St. Landry. Hon. V. Robertson, judge ad hoc.

Action by Theodule Goudeau against John E. Goudeau, et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

M. H. Thompson, of Opelousas, attorney for plaintiff, appellant.

A. V. Pavy, of Opelousas, attorney for defendant, appellee.

MOUTON, J. In 1870, Catherine Guillory and Theodule Goudeau, plaintiff herein, were married. In May, 1886, she was divorced from him. In the judgment decreeing the divorce she was reserved the right to sue him in a separate action to liquidate the community or to demand her paraphernal rights. She died about twelve years ago. On October 26, 1926, plaintiff and Catherine Guillory, from whom he had been divorced, executed a deed jointly in favor of Jean Eliar and Pierre Portalis Goudeau, two children who were born during their married life. In this deed or act plaintiff and his divorced wife declared that they donated unto 'their children aforesaid, in consideration of their love and affection for them, a tract of land in the parish of St. Landry containing one hundred arpents with buildings and improvements thereon. The act declares that the donation is made on the condition that plaintiff was to remain agent of the property during his lifetime, that one-

half of its revenues were to be expended by plaintiff for the improvement, cultivation and payment of the taxes for the place, and the other were to go to said children. The act ends with the following stipulation:

"And it is a further consideration of this donation that Catherine Guillory renounces, which she accordingly does, by this act, any and all community and any other claims which she may have against Theodule Goudeau."

Plaintiff brings this suit, alleging that, by the act, he divested himself of all his property in violation of the prohibitory provisions of Article 1497, Civil Code, and that the act, which he construes as a donation inter vivos, is therefore null. In the act, Catherine Guillory, it will be observed, appears as a joint donor with her then divorced husband. If she were then a joint owner in the property it is evident that the act could not be set aside at the instance of the plaintiff, alone. If plaintiff were the sole owner, as contended for by him, it becomes necessary to look into the evidence and the stipulations of the act to ascertain its true nature. The proof shows clearly that, at the time of her marriage to plaintiff, Catherine Guillory owned about twelve head of horses and some time thereafter inherited approximately twenty or twenty-five head of cattle. It is shown that these horses and cattle were delivered to plaintiff and were by him counter-branded. It is well established by the record that these animals were worth about $700.00. Plaintiff made a vain effort to show that the cattle had drowned in the high-water of 1882 and 1884. The proof shows that, after Catherine Guillory had obtained her

divorce, plaintiff refused to deliver these horses or cattle or any at all. The fact that a reservation was made in the judgment of divorce reserving to Catherine Guillory the right to enforce her community and separate rights against her husband, and the further fact that he had failed or refused to account for the animals he had received from her, explained the reason for the stipulation we find in the act to the effect that Catherine Guillory, in consideration of what is termed a donation, renounces all her community or any other claims which she might have against plaintiff.

The fact is that Cleophas Guillory, a child of Catherine Guillory by her first husband, says that his mother and plaintiff not being on speaking terms after their divorce, that at the request of plaintiff he acted as an intermediary for the purpose of effecting an adjustment of the differences which existed between them. He says, at the initiative of the plaintiff, it was agreed with his mother that each would give as community property 50 arpents of the 100 arpents that were given to Jean and Portalis Goudeau under the terms of the act in question. He testifies, further, that this settlement was effected on the condition, as was proposed by plaintiff, that his mother would abandon all her claims. This testimony makes it clear that before executing the act plaintiff exacted from his former wife an abandonment of all her paraphernal rights. It is evident that, in consideration of this renunciation on the part of his wife, plaintiff agreed to give to the two children of their marriage the one hundred arpents of land in question. This was clearly an advantage which plaintiff was conferring on these children in consideration of the abandonment which Catherine had made of her claim. The benefit thus conferred comes squarely under the provisions of Article 1890, Civil Code, which says:

"A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked."

Article 1902, C. C., is to the same effect, and adds that such a contract can not be revoked without the consent of the beneficiary.

The act in its recitals is termed a donation. It was not a gratuitous donation made from mere liberality, as the wife, in consideration of the benefit conferred on Eliar and Portalis Goudeau, renounced all her rights against plaintiff. It was not an onerous donation, as no charges were imposed on the donees, nor was it a remunerative donation, as the object of the act was not in compensation of services rendered. Its purpose was to confer an advantage on the donees, which brings the act under the purview of the Articles C. C. above cited.

In his petition plaintiff alleges that defendants made a written demand upon him for the delivery of the property, of which, in their answer, they also ask to be decreed the owners. They have therefore signified their assent to accept the stipulation which was made in their favor under the terms of the contract which can not be revoked at the instance of the plaintiff whose suit was properly dismissed.